**Alexandria JONES, Appellant**

**v.**

**Janice QUINTANA, Former Director, Office of Unified Communications, D.C. and District of Columbia, Appellees.**

**No. 13–7177.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 3, 2015.

Gary T. Brown, Gary T. Brown & Associates, Jerome Edward Clair, The Law Office of Jerome E. Clair, Washington, DC, for Appellant.

Loren L. Alikhan, Holly Michelle Johnson, Todd Sunhwae Kim, Office of The Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: KAVANAUGH and WILKINS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal of a decision of the United States District Court for the District of Columbia was presented to the Court, and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the District Court's determination be affirmed.

For the reasons stated in the District Court's opinion, *Jones v. Quintana*, 975 F.Supp.2d 63 (D.D.C.2013), we find that Appellant failed to present sufficient evidence from which a reasonable jury could conclude that her protected speech was a motivating factor in prompting the allegedly retaliatory conduct.

It is clear that the District Court's grant of summary judgment was proper. "If there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C.Cir.2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "[T]he defendant need only identify the ways in which the plaintiff has failed to come forward with sufficient evidence to support a reasonable jury to find in her favor on one or more essential elements of her claim." *Grimes v. District of Columbia*, 794 F.3d 83, 93 (D.C.Cir.2015).

Appellant Alexandria Jones, an emergency dispatcher in the District of Columbia's Office of Unified Communications ("OUC"), claims that she was retaliated against for voicing criticism of proposed changes to the emergency telephone call system in violation of her First Amendment rights. Ms. Jones has argued on appeal that the District Court erred in granting summary judgment in favor of Appellee Janice Quintana, the Director of the OUC at the time. In order to succeed on a claim of First Amendment retaliation under § 1983, a public employee must satisfy a four-factor test. *See Wilburn v. Robinson*, 480 F.3d 1140, 1149 (D.C.Cir. 2007). It is the third factor of that test—requiring that the employee "show that

her speech was a substantial or motivating factor in prompting the retaliatory or punitive act," *id.*—that is at issue in this appeal. Viewing the evidence in the light most favorable to Ms. Jones, and drawing all reasonable inferences in her favor, *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C.Cir.2004), there is not a sufficient evidentiary basis to reasonably conclude that Ms. Quintana even had knowledge of Ms. Jones's protected speech when the adverse employment action was proposed. There is no direct evidence that Ms. Quintana was aware of Ms. Jones's communications regarding the proposed changes before the personnel actions commenced, and Ms. Jones presents nothing more than pure speculation suggesting otherwise. It therefore follows that Ms. Jones cannot show that her speech was a substantial or motivating factor prompting Ms. Quintana to undertake the adverse action that had been proposed prior to learning about Ms. Jones's protected speech. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

Ultimately, Ms. Jones has failed to establish the existence of an essential element of her retaliation claim—on which she would bear the burden at trial—and thus Ms. Quintana is entitled to judgment as a matter of law.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.